[Crim. No. 120.     Department One.—May 28, 1896.]

## THE PEOPLE, RESPONDENT, v. WILLIAM CURTIS, APPELLANT.

CRIMINAL LAW—DISMISSAL OF INDICTMENT—MISTAKE OF CLERK—VACA-
TION OF ENTRY.—Where an indictment was improperly dismissed by
the entry of an order of dismissal through a mistake of the clerk, in
supposing that the case was included with a number of other criminal
actions which were ordered to be dismissed, the court has jurisdiction
to vacate the order of dismissal entered by the clerk.

ID.—JURISDICTION TO CORRECT RECORDS—DETERMINATION OF FACT AS TO
MISTAKE OR INADVERTENCE CONCLUSIVE.—A court has power to cause
its records to correctly set forth the orders which it has actually made,
as well as to set aside an order which it has made through inadvertence
or mistake; and if the question of mistake or inadvertence is disputed,
the decision of the judge upon any controverted fact is not open to re-
view.

ID.—PENCIL ORDER — FILING OF FORMAL ORDER — PROCUREMENT OF DE-
FENDANT—KNOWLEDGE OF VACATION OF ORDER.—A pencil order of
dismissal does not acquire any additional force by reason of the subse-
quent filing of a formal order attested by the clerk, without the knowl-
edge or consent of the court, on the procurement of the defendant, after
knowledge on his part that an order had been made by the court vacat-
ing the order of dismissal.

APPEAL from an order of the Superior Court of Sac-
ramento County vacating an order of dismissal.   A. P.
CATLIN, Judge.

The facts are stated in the opinion of the court.

*Devlin & Devlin,* and *Charles T. Jones,* for Appellant.

A judgment is a finality, and can only be set aside
by virtue of some law conferring the power.  Under the
early system it could not be done after the term in
which it was rendered, unless jurisdiction was saved by
a motion or proceeding at the time.   (*Lattimer* v. *Ryan,*
20 Cal. 628; *Bell* v. *Thompson,* 19 Cal. 706; *Suydam* v.
*Pitcher,* 4 Cal. 280.)   Under the present system, section
473 of the Code of Civil Procedure is the measure of
power, and the court is precluded from exercising it in
any case, unless the application is made within six
months after the judgment or order.   (*Brackett* v. *Bane-*
*gas,* 99 Cal. 623; *People* v. *Harrison,* 84 Cal. 607; *People*

v. *Goodhue,* 80 Cal. 199; *Jacks* v. *Baldez,* 97 Cal. 91; *Los Angeles* v. *Lankershim,* 100 Cal. 532; *Wunderlin* v. *Cadogan,* 75 Cal. 618.) This is a proceeding brought under sections 758-72 of the Penal Code. Even if, in a civil case, the court would have power to set aside its judgment of dismissal, the power would not exist in these special, statutory, summary proceedings for the removal of officers unless clearly conferred by statute. (*Woods* v. *Varnum,* 83 Cal. 46.)

*W. F. Fitzgerald, Attorney General, Henry E. Carter, Deputy Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

A court may vacate its judgment when the clerk has made an erroneous entry of the judgment rendered, when it, through fraud, mistake, or inadvertence, renders judgment which it would not otherwise have done. (*Kaufman* v. *Shain,* 111 Cal. 16; *Ward* v. *Ward,* 59 Cal. 141; *Rousset* v. *Boyle,* 45 Cal. 69; *Crim* v. *Kessing,* 89 Cal. 478; 23 Am. St. Rep. 491; Freeman on Judgments, 3d ed., secs. 90, 100; *People* v. *Woods,* 84 Cal. 441; *Ex parte Gilmore,* 71 Cal. 624; *Bronson* v. *Schulten,* 104 U. S. 410; 12 Am. & Eng. Ency. of Law, 126; *Ex parte Lange,* 18 Wall. 163.) The finding of the court that the entry was erroneous is conclusive, and not open to review. (*Kaufman* v. *Shain, supra.*)

HARRISON, J.—The grand jury of the county of Sacramento presented an accusation against the defendant for having, while holding the office of supervisor of that county, corruptly and in violation of his official duty voted for the payment of a claim against the county. Other accusations were at the same time presented against him for illegally voting for the appointment and payment of certain deputy assessors; and similar accusations against other supervisors were also presented by the grand jury. While these accusations were pending in the superior court of Sacramento county, the trial of one of them against the defendant for illegally voting for the appointment and payment of

a deputy assessor was had, and resulted in an acquittal. On the next day, October 3d, one of the accusations— *People* v. *Morrison*, No. 1403—was on the calendar of the court for trial, and the district attorney stated to the court that the testimony in the case would be the same, and the question the same, as in the case of *People* v. *Curtis*, which had just been tried; that there were a considerable number of such cases, and it would, under the facts and the law as ruled by the court on the trial of *People* v. *Curtis*, be impossible to convict the defendants. Upon this statement, and the motion of the district attorney therefor, the court directed the dismissal of all such cases. It does not appear that there was presented to the court any list or statement of the cases to which the order of dismissal was directed, but, after the order had been made, the clerk, at the request of the attorney for the defendant herein, entered in pencil in his rough minutes, in twenty-three cases, including the present one, the following order: "The above-entitled action coming on regularly this day for trial, District Attorney F. D. Ryan and S. Solon Holl appearing in court, as counsel for the people, and Robert T. Devlin and Charles T. Jones appearing for the defendant; upon motion of the district attorney, it is ordered that the above-entitled action be and the same is hereby dismissed."

On the 8th of October, and before the clerk had entered any of these orders in the regular minutes, the court made an order vacating the aforesaid order of dismissal so far as it related to the present case (and also five others), upon the ground that it was made through inadvertence and mistake. From this order the present appeal has been taken.

It is recited in the bill of exceptions that, in making the order of dismissal, the court understood from the statement of the district attorney "that the cases which he moved to dismiss were those only in which the defendants were accused of misconduct in having illegally voted for the payment of the salary of sundry deputy officials; that an examination of the accusations in six

of the cases (including the present) shows that said cases are of a different character altogether from that of *People* v. *Curtis*, tried on the 1st and 2d of October; that the nature and character of such cases were not brought to the attention of the court nor the clerk thereof, by the district attorney or any other attorney, and the court did not intend to dismiss, and did not dismiss, any of the last-mentioned cases; that the clerk, in making the entries in his rough minutes of the order of the court, received his instructions as to the particular cases from the attorneys for the defendants in those cases."

Under the facts here stated the action of the court in vacating the order of dismissal must be affirmed. The power of a court to cause its records to correctly set forth the orders which it has actually made, as well as to set aside an order which it has made through inadvertence or mistake, is too well established to require argument (*Hall* v. *Polack*, 42 Cal. 218; *Wiggin* v. *Superior Court*, 68 Cal. 398; *Crim* v. *Kessing*, 89 Cal. 478; 23 Am. St. Rep. 491; *Kaufman* v. *Shain*, 111 Cal. 16); and, if the question of mistake or inadvertence is disputed, the decision of the judge upon any controverted fact is not open to review. In the present case, the statement in the bill of exceptions that the motion to dismiss was based upon the ground that the other cases involved only the same question as those presented in the case just tried, is not controverted, and it follows, not only that the statement of the court that it did not intend to dismiss any other cases must be accepted as conclusive, but also that the entry by the clerk dismissing any other cases was made under a mistake on his part in failing to comprehend the scope of the order. When these facts were brought to the notice of the court it became its duty, either at the instance of the district attorney, or upon its own motion without any suggestion from either party, to vacate and set aside the entry that had been made by the clerk.

The pencil order of dismissal which was originally

made did not acquire any force by reason of the subsequent filing of a formal order attested by the hand and seal of the clerk, and indorsed by him as "filed October 3, 1895." It was found by the court that this document was prepared by the procurement of the attorney for the defendant, without the knowledge or authority of the court, and after the attorney knew of the order of October 8th vacating the entry of dismissal that had been made by the clerk October 3d, and that it was not made or filed until after October 8th.

The order is affirmed.

Garoutte, J., and Van Fleet, J., concurred.