[Civ. No. 1213. First Appellate District.—November 6, 1913.]

## J. N. KOWALSKY et al., Appellants, v. ESTELLA NICHOLSON, Respondent.

JUDGMENT—INCORRECT ENTRY—AMENDMENT NUNC PRO TUNC.—In a case where it is made to appear that the entry in the minutes does not correctly embody the judgment given by the court, it is a familiar rule that the court may at any time amend the judgment *nunc pro tunc* to make the entry conform to the true judgment.

ID.—AMENDMENT OF ORDER INADVERTENTLY MADE AND ENTERED.—The power of courts to amend their judgments is not wholly confined to such cases; it extends also to cases where, as here, the order was inadvertently made and entered.

ID.—REPLEVIN—CORRECTION OF JUDGMENT NUNC PRO TUNC.—Where the plaintiff in claim and delivery has secured possession of the property, and the defendant obtains a dismissal of the action

for want of prosecution, the order of dismissal, if it inadvertently omits to direct the return of the property, may be corrected by the court *nunc pro tunc.*

APPEAL from an order of the Superior Court of the City and County of San Francisco amending an order dismissing an action for want of prosecution. B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Edward Lande, for Appellants.

Arthur H. Barendt, for Respondent.

KERRIGAN, J.—This is an appeal from an order entered *nunc pro tunc* amending a previous order dismissing an action for lack of prosecution.

The action was in claim and delivery under proceedings in which the plaintiffs had secured possession of the property described in the complaint. After the cause had been at issue for nearly four years the court, upon notice to the plaintiffs, granted defendant's motion to dismiss the same for want of prosecution. Subsequently the court, upon due notice to the plaintiffs, amended its order of dismissal *nunc pro tunc* as of the date of its original entry by adding the following: "And the defendant is entitled to have returned to her all the property taken from her under the previous proceeding of this action of replevin, or if return thereof cannot be had, then she shall have judgment for the value thereof in the sum of $1,000.00 and for the delivery to her of the undertaking in this matter."

The record does not show that the original entry as made by the clerk was different from the one directed by the court; and plaintiffs therefore contend that the court had no power to change the order or judgment, nor, in changing it, to direct that it be entered *nunc pro tunc.*

In a case where it is made to appear that the entry in the minutes does not correctly embody the judgment given by the court it is a familiar rule that the court may at any time amend the judgment *nunc pro tunc* to make the entry conform to the true judgment. (*Morrison* v. *Dapman,* 3 Cal.

255, 257; *Cowdery* v. *London & S. F. Bank,* 139 Cal. 298, [96 Am. St. Rep. 115, 73 Pac. 196].) And·in this state the power of the courts to amend their judgments is not wholly confined to such cases. It extends also to cases where, as here, the order was inadvertently made and entered. This is not a case like the *Estate of Potter,* 141 Cal. 424, [75 Pac. 850], where, upon dismissal, the court might have directed different forms of judgment to be entered. Here the defendant being entitled to a dismissal of the action, as the court correctly held, it followed under the circumstances disclosed by the record that the judgment should, as a matter of course, have directed the return to her of the property taken. Its failure to do so, it clearly appears, was merely an inadvertence or mistake, and not a judicial error.

In the *Estate of Schroeder,* 46 Cal. 304, a personal judgment was rendered against the administrator; and it appeared from the record that the judgment ought to have been made payable in due course of administration. It was held that this was such an error or mistake as the court could correct. To the same effect see *Bostwick* v. *McEvoy,* 62 Cal. 496.

In the *Estate of Willard,* 139 Cal. 501, 504, [64 L. R. A. 554, 73 Pac. 240], an allowance was made to a broker instead of to the administrator as prayed for; and it was held that the court had power on motion to set aside the void allowance, to amend the decree by striking out the allowance as made, and to insert therein in place thereof an allowance to the administrator, so as to properly dispose of the issue presented by the petition and effectuate the intention of the court. In other words, the error was not such as could only be remedied by a motion for a new trial.

In the case of *Leviston* v. *Swan,* 33 Cal. 480, 484, a judgment in foreclosure did not provide that any one was personally liable for a deficiency, and should be bound therefor after a sale of the property. More than three years subsequently an order of the court was entered, directing the docketing of a judgment for the deficiency. This order was affirmed, the supreme court saying: ''The judgment in this case, as first entered, was defective in not designating the defendants who were personally liable for the debt; but inasmuch as the record shows who they were, the court had the power to amend the judgment at any time by adding a clause

designating the defendants who were personally liable. The more regular motion would have been to amend the judgment by supplying the omission which was apparent upon the face of the record, but we consider the course pursued as amounting substantially to the same thing.'' (See, also, *MacNeil* v. *Ward,* 2 Cal. Unrep. 174, [11 Pac. Coast Law Journal 224] ; Freeman on Judgments, vol. 1, sec. 70, p. 93.)

In Texas the ''courts may at any time add to their judgments such clauses as may be necessary to carry them into effect when there is anything in the judgment by which to amend.'' In New York, when the amendment calls for the insertion of what would have been granted ''as a matter of course'' in the first instance, the cases hold that the judgment may be corrected. (Freeman on Judgments, vol. 1, sec. 70, pp. 93, 95.)

In the case of *Wiggin* v. *Superior Court,* 68 Cal. 398, 402, [9 Pac. 646, 648], the court set aside a decree of final distribution which it had the day before granted, on the ground that the discharge of the administrator provided for therein had been inadvertently made. Upon appeal it was held that the lower court had jurisdiction to vacate the order of final discharge, it having been made inadvertently, and the motion for that purpose being made within a reasonable time. The court said: ''To illustrate, suppose a judgment is taken upon a default prematurely entered, or a judgment is inadvertently entered in favor of defendant where it was intended to be in favor of plaintiff, or that for any one of a hundred reasons which might be supposed the court has accidently or inadvertently entered orders or decrees not in consonance with its judgment or the law, and from which rank injustice must follow, can it be contended that the court has no power . . . to correct the error, and that the injured party must be remitted to an appeal for remedy? We think not.''

Upon the dismissal of the action in the case at bar defendant was entitled to the return of the property involved in the action; and a failure to enter the requested correction of the judgment would be equivalent apparently to a judgment in favor of the plaintiffs on the merits of the case. This would be manifestly unjust; and as the record shows that defendant was entitled to judgment as finally entered, and as the motion

to correct the mistake was promptly made, the action of the court in the premises must be sustained.

Of course, the defendant being entitled to have the judgment corrected, was entitled to have it corrected *nunc pro tunc* as of the date of its original entry. (Freeman on Judgments, vol. 1, sec. 74, p. 104.)

The order appealed from is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on January 5, 1914.