[Civ. Nos. 5353 and 5605.  First Appellate District, Division Two.—
May 3, 1926.]

## DUTTON DREDGE COMPANY (a Corporation), Respondent, v. CHARLES E. GOSS et al., Appellants.

[1] JUDGMENTS—APPEAL—CORRECTION BY TRIAL COURT.—The trial court has the inherent power to make its records speak the truth and to amend the judgment as entered to make it conform to the decision which the court actually rendered, even though the court signed such original judgment; and the power to amend such judgment so as to correctly state the amount thereof and the name of the person against whom judgment was rendered is not divested by the taking of an appeal therefrom by the judgment defendants therein named.

[2] ID.—IDENTITY OF DEFENDANT—PLEADING—ISSUES—FINDINGS.—In an action to recover a balance due on certain hay sold by plaintiff, where the complaint alleges that defendant "Chas. E. Goss & Son" is a copartnership consisting of certain other named defendants, which allegation is denied by the defendants, a finding that one of the persons named as a defendant was transacting business under the fictitious name of "Chas. E. Goss & Son" is wholly without any issue made by the pleadings.

[3] ID.—ERRONEOUS FINDINGS—APPEAL.—In such action, where the trial court finds that "Charles E. Goss" was doing business as Chas. E. Goss & Son, the appellate court has no power to hold that a typographical error was committed and that the finding should read that "H. E. Goss" was doing business as Chas. E. Goss & Son, as in so doing the appellate court would be making a finding of fact, and that court has no power to make findings.

(1) 3 C. J., p. 1266, n. 11; 34 C. J., p. 228, n. 80.    (2) 38 Cyc., p. 1967, n. 92, p. 1968, n. 97, p. 1970, n. 7.    (3) 4 C. J., p. 1056, n. 76, p. 1123, n. 45, 46.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Walter Perry Johnson, Judge.  Reversed.

The facts are stated in the opinion of the court.

Hankins & Hankins and Olin F. Nuckolls for Appellants.

1.  See 14 Cal. Jur. 1001; 15 R. C. L. 672.
3.  See 2 Cal. Jur. 993; 24 Cal. Jur. 957.

Edward J. Lynch for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover a judgment for $536.54, alleged to be the balance owing the plaintiff for hay purchased by defendants. In the first count the plaintiff pleaded an agreed price; in the second count it pleaded a common count as for a balance due on account, and in the third count it pleaded a sale for the reasonable value. The defendants appeared jointly and as such interposed a demurrer to the complaint and a demurrer to each count. The demurrer was overruled and the defendants jointly answered. In their answer to each count the defendants denied the allegations contained in each paragraph of each count contained in the complaint. The defendant H. E. Goss interposed a defense to the effect that he purchased one schooner load, consisting of 75 to 100 tons; that he received 85.41 tons and paid therefor, and that thereafter he purchased 128.55 tons for which he agreed to pay "the best price he could pay for said hay according to the quality of said hay and the market conditions at the time of handling the same"; that $930.54 was the amount of the second purchase. At the end of the trial the trial court found against the defense last stated and it also made a finding that by reason of the conclusions reached no finding was necessary on the second count and third count contained in the plaintiff's complaint and the answers thereto. The defendant H. E. Goss also pleaded a counterclaim for $24.90. The first count of plaintiff's complaint was as follows:

"Complaint

"For Goods Sold and Delivered.

"Plaintiff above named complains of the above-named defendants, and for cause of action alleges:

"I.

"That the plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of California, and having its office and principal place of business in the City and County of San Francisco, in said State.

"II.

"That the defendant Chas. E. Goss & Son is a copartnership, consisting of Charles E. Goss, Mary A. Goss and

H. E. Goss, having their office in said City and County of San Francisco.

## "III.

·"That on or about the 10th day of August, 1923, the defendants agreed to purchase from the plaintiff certain hay belonging to the plaintiff, situated on the landing of Green Island Ranch, Napa County, and to pay plaintiff therefor at the rate of eleven and 50/100th ($11.50) dollars per ton F. O. B. said landing, said payment to be made upon delivery; that thereafter plaintiff delivered said hay to the defendants at said landing; that the total quantity of said hay so delivered by plaintiff to defendants was two hundred and thirteen and 96/100ths (213.96) tons; that the total amount due for said hay, at the agreed purchase price, was the sum of two thousand four hundred and sixty and 54/100ths ($2460.54) dollars; that defendants have paid no part thereof, excepting the sum of nineteen hundred and twenty-four ($1924.00) dollars, leaving a balance still due, owing and unpaid from defendants to plaintiff, of five hundred thirty-six and 54/100ths ($536.54) dollars.

## "IV.

"That although demand has been made upon defendants for the payment of said balance, the defendants have refused and still refuse to pay the same, and the entire amount of said sum of five hundred thirty-six and 54/100 ($536.54) dollars is now due, owing and unpaid from defendants to plaintiff."

As stated above, each paragraph was denied. The counter-claim pleaded by the defendant H. E. Goss was as follows:

## "I.

"That within two years last past in the City and County of San Francisco, State of California, said defendant, H. E. Goss, agreed to buy from plaintiff, and said plaintiff agreed to sell to said defendant 24.90 tons, or thereabouts, of oats. That thereafter and prior to the commencement of this action, and at the request of said plaintiff, it was agreed by and between said defendant and said plaintiff that said contract or agreement of purchase of said oats should be rescinded and as a consideration for said rescission said plaintiff was to pay to said defendant the sum of $1.00 per ton, or the total sum of $24.90.

"II.

"That said contract for the purchase of said oats was by mutual consent of said plaintiff and said defendant rescinded and set aside, but said plaintiff did not, nor has not, paid to said defendant said sum of $24.90, and the same was at the time of the commencement of this action and now is wholly due, owing and payable from said plaintiff to said defendant, H. E. Goss."

No other allegations were contained in the pleadings of either party.

Thereafter the trial court made findings as follows:

"1. That the plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of California, having its office and principal place of business in the City and County of San Francisco, in said State.

"*That the defendant H. E. Goss, at all the times mentioned in the complaint, was transacting business under the fictitious name of Chas. E. Goss & Son; that the defendants Charles E. Goss and Mary A. Goss were not members of said firm of Chas. E. Goss & Son.*

"2. That on or about the 10th day of August, 1923, said defendant Charles E. Goss, doing business as Chas. E. Goss & Son, agreed to purchase from the plaintiff certain hay belonging to the plaintiff, situated on landing, Green Island Ranch, Napa County, and to pay plaintiff therefor at the rate of $11.50 per ton F. O. B. landing, said payment to be made upon delivery; that plaintiff delivered to said Chas. E. Goss & Son 213.96 tons of said hay; *that a portion of the hay received by said defendant H. E. Goss at destination was in a damaged condition; that part of said damage occurred prior to the delivery of said hay and that the defendant H. E. Goss was entitled to a credit of $160.00 on account of damage to hay prior to delivery;* that the total amount which became due to plaintiff for the hay delivered by plaintiff to defendant was the sum of $2460.54; that the defendant paid on account thereof the sum of $1900.00; that defendant is entitled to a credit of $24.90 as set forth in the answer and second counter-claim to the first cause of action in plaintiff's complaint, *and is also entitled to a credit of $160.00 on account of damage to hay,* as above stated, making total credits of $2084.90 and leaving a balance due plaintiff of $375.64; that defendant

has not paid the balance due of $375.64, and said sum of $375.64 is still wholly due, owing and unpaid from said defendant H. E. Goss, to plaintiff.

"That all the allegations contained in plaintiff's answer to the first cause of action contained in plaintiff's complaint, are untrue, excepting the following:

"1. The allegations of paragraph II, denying that the defendant Chas. E. Goss & Son is a copartnership consisting of Charles E. Goss, Mary A. Goss and/or H. E. Goss; and the court finds that it is not true that said Chas. E. Goss & Son is a copartnership, consisting of said persons.

"2. The allegation of paragraph I of the answer and first counter-claim to plaintiff's first cause of action, alleging that some time about the 20th day of August, 1923, plaintiff offered to sell to defendant H. E. Goss a certain lot of hay, consisting of about 200 tons, at the price of $11.50 per ton F. O. B. said land; the court finds that said last mentioned allegation is true.

"3. That the allegation of paragraph VI of said answer and first counter-claim, alleging that defendant H. E. Goss advanced to plaintiff the sum of $1900.00 to be applied on account of the purchase price of hay, is true.

"That all the allegations of the answer and second counter-claim to plaintiff's first cause of action are true."

As conclusions of law the court ordered "judgment against the defendant H. E. Goss doing business under the name of Chas. E. Goss & Son for the sum of $375.64." Thereafter, on March 20, 1925, a judgment was prepared and the trial judge signed the same "that Dutton Dredge Company, a corporation, plaintiff, do have and recover from Charles E. Goss, Mary A. Goss and H. E. Goss, a co-partnership doing business under the firm name and style of Chas. E. Goss & Son, and Chas. E. Goss & Son, said co-partnership, defendants, the sum of $411.64." Thereafter, on April 10, 1925, all of the defendants served and filed a notice of appeal from said judgment and the whole thereof. Thereafter, on the twenty-first day of August, 1925, the trial court made an order reciting many of the foregoing facts and made an amended judgment that the plaintiff "do have and recover from the defendant H. E. Goss doing business under the firm name and style of Chas. E. Goss & Son the sum of $375.64 together with

the sum of $36 interest, . . . Dated: March 20, 1925."
Thereafter, on September 12, 1925, all of said defendants
appealed from the amended judgment. Both· of said ap-
peals are submitted on the record before us.

[1] The second appeal presents no serious question.
The trial court had the inherent power to make its record
speak the truth and to amend the judgment as entered
to make it conform to the decision which the court had
actually rendered (*Goatman* v. *Fuller,* 191 Cal. 245 [216
Pac. 35]), although the judge has signed the original
judgment (14 Cal. Jur. 1001, sec. 75); and the power to
make the amendment that was made' in the instant case
was not divested by the appeal taken from the original
judgment. (*Crawford* v. *Meadows,* 55 Cal. App. 4, 10
[203 Pac. 428].)

The first appeal presents errors that are more trouble-
some. It will be noted that the trial court in one finding
found that H. E. Goss, at all times mentioned in the com-
plaint, was transacting business under the fictitious name
of Chas. E. Goss & Son. In the next finding it will be
noticed that the trial court found that Charles E. Goss,
doing business as Chas. E. Goss & Son, agreed to purchase
the ·hay and plaintiff delivered to said Chas. E. Goss &
Son the said hay. Except as we have quoted there is no
finding of sale or delivery by plaintiff to anyone. More-
over, as the findings stand in one paragraph the finding
is that H. E. Goss was doing business under the fictitious
name of Chas. E. Goss & Son and in another paragraph
the finding is that Charles E. Goss was doing business as
Chas. E. Goss & Son. [2] In connection with the two
findings just referred to, it will be further noted that the
expression "was transacting business under the fictitious
name of Chas. E. Goss & Son," is wholly without any issue
.made by the pleadings.

There is a finding "That all the allegations contained in
*plaintiff's* answer to the first cause of action," etc., "are
untrue except . . ." As the plaintiff had no answer on file,
we are left to make a guess that the finding contained a word
by mistake and that the finding was intended to be "That
all the allegations contained in defendants' answer to the
first cause of action, are untrue, except . . ." But if we
take that view we are then confronted with another finding,

which is "That all the allegations of the answer . . . to plaintiff's first cause of action are true." These two findings are meaningless or hopelessly conflicting.

[3] Wherein the court found that *Charles E. Goss* was doing business as Chas. E. Goss & Son, the respondent asks us to hold that a typographical error was committed and that the finding should read *H. E. Goss* was doing business as Chas. E. Goss & Son. We think we have no power to go as far as the respondent requests, because in doing so we would be making a finding of fact. This court has no power to make findings.

Those portions of the findings printed in italics are each and all without the issues made by the pleadings. Other points presented by the appellants, addressed to such nugatory findings, need not be considered.

The judgment is reversed and the trial court is directed to allow the parties to amend their pleadings to conform to the proof and thereupon the trial court will make such findings of fact as, in its discretion, determine the issues and order judgment in accordance therewith. (*Chapman* v. *Hughes,* 134 Cal. 641, 659, 660 [58 Pac. 298, 60 Pac. 974, 66 Pac. 982].) It is further ordered that the appellants recover their costs.

Langdon, P. J., and Nourse, J., concurred.