## No. 11,431.

### SCHATTINGER v. SCHATTINGER, ET AL.

Decided November 15, 1926.

Action to correct alleged error in a water right adjudication decree. Judgment for defendants.

### *Affirmed.*

1. JUDGMENT—*Water Rights—Decree.* A judicial mistake in a water right adjudication decree made either through inadvertence or otherwise, cannot be rectified in a motion or in an equitable action brought for the purpose of making the decree speak the truth.

2. *Water Rights—Decree—Correction.* Mistake in a water right adjudication decree may be corrected, if at all, in the ordinary way for reviewing judicial error committed by the trial court.

3. APPEAL AND ERROR—*Fact Findings.* Fact findings of the trial court based on conflicting evidence, will not be disturbed on review.

*Error to the District Court of Park County, Hon. James L. Cooper, Judge.*

Mr. G. K. HARTENSTEIN, for plaintiff in error.

Messrs. ALLEN, WEBSTER & DRATH, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action to correct an alleged error in a water right adjudication decree. It was once before this court on writ of error to a judgment dismissing the complaint. *Schattinger v. Schattinger*, 73 Colo. 573, 216 Pac. 1057.

The discussion there was with reference to the sufficiency of the complaint and to a question of procedure. On a retrial of the action on its merits the judgment was for the defendants and the plaintiff has brought the case here by error. We cannot disturb this judgment. The complaint alleges that by clerical error or misprision of the referee in the adjudication proceeding, or his clerk in preparing the decree, the same was made to read that the source of supply of the plaintiff's Lavac ditch was the waste water of the Cincinnati ditch instead of the west branch of Michigan creek as was the fact, and that it omitted the dates of said priorities as found by the referee. Plaintiff says that the decree so erroneously prepared by the referee or his clerk, was adopted by the court and was so entered of record, but does not represent the findings of the referee or the judgment of the court. That the ditch in question, the Lavac ditch, never took its water from the waste of the Cincinnati ditch but from the waters of the west branch of Michigan creek and that its priorities of the waters of west branch of Michigan creek have been so recognized and administered without question until recently.

This court in *Forker v. Hopkins,* 64 Colo. 325, 331, 171 Pac. 361; *Bates v. Hall,* 44 Colo. 360, 367, 98 Pac. 3; *First National Bank v. Van Gilder,* 72 Colo. 164, 210 Pac. 74, and other cases mentioned therein, has announced the true rule applicable to such controversies. The decree in question which declared that the source of supply of the Lavac ditch was the wastage from the Cincinnati ditch was as much a part of the findings and decree of the court as were the dates of the priority, the volume of water or the lands which it was intended to irrigate. The designation of wastage from the Cincinnati ditch as the source of supply was the result of a finding of fact by the court to that effect and the carrying of the same into the decree. The court in making these findings and decree was exercising a judicial discretion and performing a judicial

function and if it made a mistake therein, either through inadvertence or otherwise, such mistake cannot be rectified in a motion or in an equitable action brought for the purpose of making the decree speak the truth. In such an action as this the court may not correct such judicial mistakes or errors. The point is strongly stressed by plaintiff that at the time the Lavac ditch was constructed the Cincinnati ditch was not in existence and was not constructed until two years thereafter. That may be true but it is not controlling. It may be that the court improperly found that the source of supply was the wastage from a ditch not then in existence, but the court in doing so was exercising a judicial function and its mistake may be corrected, if at all, not in an action like this, but in the ordinary way for reviewing judicial error committed by a trial court.

Aside from this at the time the adjudicating decree was made, the Cincinnati had been in existence for some time and there is evidence in this record tending to sustain an apparent finding of the trial court in the statutory proceeding that the source of supply of the Lavac ditch at the time of the hearing was the wastage from the Cincinnati ditch. The trial court here upon conflicting evidence, some of which tended to sustain the contentions of the plaintiff and some that of the defendants, found the issues of fact in favor of the defendants and we cannot interfere with its finding. The judgment is therefore affirmed.

MR. JUSTICE BURKE sitting for MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.