[S. F. No. 13288. In Bank.—April 15, 1929.]

JESSIE HARMAN, Petitioner, v. GEORGE H. CABANISS, as Judge of the Superior Court of the City and County of San Francisco, Respondent.

H. H. McPike and Alan H. Critcher for Petitioner.

Walter A. Dold for Respondent.

SHENK, J.—This is a proceeding in *mandamus* to compel respondent as Judge of the Superior Court, in and for the City and County of San Francisco, to pass upon a motion to set aside an interlocutory decree of divorce, correct an alleged clerical error in the findings in the action and then render judgment on the findings so corrected.

In October, 1924, Claude H. Harman commenced an action for divorce against his wife, the petitioner herein. In paragraphs VI and VII of the complaint certain acts of extreme cruelty on the part of the defendant therein were alleged. The answer denied the alleged acts of cruelty, prayed that the divorce be denied and affirmatively sought relief by way of separate maintenance. After trial the court denied the divorce, made no award for maintenance, but ordered the plaintiff to pay to the defendant one hundred dollars as and for counsel fees and ten dollars costs. The plaintiff appealed and the judgment was reversed on the ground that the record showed that the trial court had found that all of the allegations of the complaint were true and that the plaintiff was therefore entitled to a divorce. By the judgment of this court the trial court was directed to enter an interlocutory decree of divorce in favor of the plaintiff (*Harman* v. *Harman,* 198 Cal. 695 [247 Pac. 194]). Upon the going down of the *remittitur* the trial judge, pursuant to the mandate of this court and not otherwise, signed and filed on January 27, 1927, an interlocutory decree of divorce in favor of the plaintiff. Thereafter on due notice the defendant moved the court for an order setting aside said interlocutory decree, correcting an alleged clerical error in the findings and ordering judgment in accordance with the corrected findings. On the hearing of the motion the court recognized the merit of the defendant's position, declared his belief that all of the facts alleged by the defendant were true and that in the interests of justice the motion should be granted, but felt that he could not do so in view of the mandate of this court to enter judgment for the plaintiff. The trial court continued the matter for decision until its power in the premises should be defined. Accordingly this proceeding was commenced to compel action on the motion and to grant the same.

There would seem to be no impropriety in entertaining and passing upon the motion. The mandate of this court on the determination of the appeal had been complied with by the entry of a judgment as directed. What occurred thereafter was new matter not presented nor involved on the appeal from the judgment and was first made to appear on the presentation of the motion. The return alleges that the sole ground of the refusal to hear and pass upon the motion was the opinion of the respondent that said superior court was without jurisdiction in the premises in this, that having been directed by this court on the determination of the appeal to enter a judgment for the plaintiff, all authority to set aside the judgment entered in accordance with the direction had ceased.

Unquestionably the court, under the circumstances here presented, had and has the power to entertain and pass upon the motion. It has full power to determine whether the alleged error was clerical or judicial in character and, if clerical, to set aside the interlocutory decree, correct the error and enter judgment on the findings as corrected and conclusions of law to be drawn therefrom. (See *Biaggi* v. *Ramont,* 189 Cal. 675 [209 Pac. 892].) The form of the return has narrowed the issue to one of jurisdiction only. Consequently we do not feel justified in deciding, as urged by the petitioner, whether the showing made on the motion would require us to compel the granting of the same.

The peremptory writ should issue commanding the respondent to hear and pass upon the motion in question.

It is so ordered.

Richards, J., Langdon, J., Preston, J., Waste, C. J., Curtis, J., and Seawell, J., concurred.