[Civ. No. 6716. First Appellate District, Division One.—May 20, 1929.]

RUTH A. CHRISTIE, Appellant, v. RICHARD H. CHRISTIE, Respondent.

Lyle W. Rucker for Appellant.

Lucian J. Clarke and Clarke & Wilson for Respondent.

LUCAS, J., *pro tem.*—Appeal is taken from an order vacating a final decree of divorce. By an interlocutory judgment of divorce made March 5, 1926, and entered March 8, 1926, it was adjudged that plaintiff was entitled to a divorce from the defaulting defendant. The judgment did not include or refer to the court's order, also made on March 5th, awarding plaintiff certain household goods and the custody of the minor child of the parties and providing for the support of plaintiff and said child and the payment of attorney's fees. Thereafter, on March 9, 1926, and without notice, plaintiff caused an amended judgment and order to be signed, reciting therein "that an interlocutory judgment was entered herein on the 8th day of March, 1926, but through inadvertence did not set forth the court's order as made on the 5th day of March, 1926," and again adjudging plaintiff to be entitled to a divorce and embodying the provisions of the March 5th order as to custody and support of the minor child, etc. This latter judgment and order did not by its terms purport to set aside or vacate the first interlocutory judgment. It was duly docketed and entered March 10, 1926.

On March 9, 1927, on motion of plaintiff, the court made, and caused to be entered on the same day, its final judgment of divorce dissolving the bonds of matrimony between the parties (referring therein to the interlocutory judgment entered on March 8, 1926), and ordering and decreeing that "wherein said interlocutory decree makes any provision for alimony or the custody and support of children, said provision be and the same is hereby made binding on the parties affected thereby the same as if herein set forth in full, and that wherein said interlocutory decree relates to the property of the parties hereto, said property be and the same is hereby assigned in accordance with the terms thereof to the parties therein declared to be entitled thereto." As already pointed out, the interlocutory judgment thus referred to contained no provision as to alimony, property or custody of the child.

On March 30, 1927, the court, on motion of defendant, made its order adjudging the final judgment of divorce to have been prematurely entered and caused it, for that

reason, to be vacated and set aside. The order of vacation recited that on January 17, 1927, the court made an order, pursuant to a written agreement of the parties, modifying the provisions concerning the custody of the minor child, and that the final decree did not embody the terms of such order. The order of January 17, 1927, is not set out in the transcript.

The appeal in this case is unique in this: both appellant and respondent contend that the amended judgment and order of March 9, 1926 (entered March 10, 1926), is invalid, since no notice was given defendant and it was not procured pursuant to section 473 of the Code of Civil Procedure, or any other statute providing for the modification or amendment of judgments.

If this contention is correct the original interlocutory judgment of divorce, made March 5, 1926, and entered March 8, 1926, was at all times effective as the basis for a final judgment of divorce. Therefore, more than one year having expired after the entry of the interlocutory judgment, the court had jurisdiction on March 9, 1927, to make its final judgment of divorce, and the order of vacation appealed from is erroneous.

The cause of the unusual situation here presented is not apparent from the record, but from the brief of respondent, defendant below, it is made to appear that the day following the entry of the final judgment the parents of appellant, plaintiff below, procured an order adopting the minor son of appellant and respondent without notice to or consent of respondent, taking advantage, it is to be presumed, of the provisions of section 224 of the Civil Code. It also appears from said brief that appeal has been taken from an order denying a motion to set aside the order of adoption. With that we are not here concerned.

Our sole consideration concerns the validity of the order of vacation made herein. If the amended judgment and order was ineffective for any purpose, as both parties contend, the final judgment, as has already been pointed out, was not premature—at least in so far as it established the status of the parties. If the latter erroneously awarded the custody of the minor child, or was otherwise uncertain or incorrect, relief should have been sought by way of amendment or modification.

■ If the amended judgment and order was effective for any purpose it merely added to the original judgment that which the court had already decided, that is to say, it was an amendment to make the record speak the truth. Such amendments courts have inherent power to make at any time. (*DeCoe* v. *Johnson*, 54 Cal. App., at p. 604 [202 Pac. 362].)

"The power to amend is not wholly confined to the correction of an erroneous record; it extends also to cases where some provision of or omission from an order or judgment as made or rendered was due to the inadvertence or mistake of the court and may therefore properly be treated as a clerical misprision rather than a judicial error." (14 Cal. Jur., p. 995; *Kowalsky* v. *Nicholson*, 23 Cal. App. 160 [137 Pac. 607].)

■ If, as so held in the case of *McConville* v. *Superior Court*, 78 Cal. App., at page 207 [248 Pac. 553], the amendment be regarded as having been made to correct a mere clerical error, the first judgment stands as the judgment of the court. On the other hand, if the correction was of a judicial error, the order of the court directing the amendment was a nullity. In either event the first interlocutory judgment stands as the judgment of the court and as the basis of the final decree.

■ It is to be remembered that the amended judgment did not purport to set aside the original judgment—in fact it confirmed it. At the time the original judgment was made the court had jurisdiction of the parties and of the subject matter and its judgment was valid as far as it went. Even were it valid in part and void in part the valid part would stand and the time for the entry of the final decree would begin to run from the date of entry of the valid portion. (*Claudius* v. *Melvin*, 146 Cal. 257 [79 Pac. 897].)

It is to be concluded, therefore, that the final judgment of divorce was not prematurely entered and that the trial court erred in setting it aside.

The order appealed from is reversed.

Tyler, P. J., and Knight, J., concurred.