[S. F. No. 14012. In Bank.—September 5, 1930.]

JULES LAUCHERE, Appellant, v. CHARLES G. LAMBERT et al., Respondents.

Jackson & Peterson and Clell H. McCredie for Appellant.

Ross & Ross for Respondents.

THE COURT.—This appeal is from an order of the Superior Court in and for the County of San Mateo, granting the defendants' motion for a new trial in an action commenced by plaintiff to recover damages alleged to have arisen out of certain fraudulent transactions, and which action having been brought to trial before a jury resulted in a verdict in the plaintiff's favor for the sum of fifteen hundred dollars. A motion for new trial having been made by the defendants upon several stated grounds, among which was that of the insufficiency of the evidence

to justify the verdict, coming on for hearing before the trial court was granted by an oral order directed to be entered by the clerk and which order was made by the trial judge at the conclusion of the hearing upon said motion. The clerk thereupon and on February 21, 1929, caused to be entered in the minutes the following order: "It is ordered that said motion be and the same is hereby granted as prayed." The plaintiff appealed from said order and in due course perfected his appeal and a bill of exceptions thereon was thereafter prepared, served and in due course settled by the trial court. Thereafter and on September 20, 1929, the trial court of its own motion and *ex parte* caused to be entered in the minutes the following *nunc pro tunc* minute entry and order as of the date of February 21, 1929:

"The defendants having heretofore filed in the above entitled court and matter their motion for new trial, the same came regularly on for hearing before the court on the 21st day of February, 1929, Messrs. Ross & Ross appearing as attorneys for the defendants and Messrs. Jackson & Peterson as attorneys for the plaintiff, and said motion having been argued by respective counsel, the court in open court stated its views in said matter, and particularly stated that the evidence introduced was insufficient to justify the verdict, and the clerk of said court having entered a minute order granting said motion for new trial but having inadvertently omitted therefrom the specification that said motion was, among other grounds, granted upon the ground of the insufficiency of the evidence to justify the verdict, and a clerical omission having been made, as the clerk failed to enter in her minutes the specification that said motion was granted upon the ground of the insufficiency of the evidence to justify the verdict.

"It is ordered that the clerk of this court enter an order *nunc pro tunc* as of February 21st, 1929, granting said motion for new trial as prayed for and specifying therein that said motion was particularly granted upon the ground of the insufficiency of the evidence to sustain the verdict."

Thereupon a supplementary clerk's transcript was prepared and filed upon said appeal, showing the making and entry of said *nunc pro tunc* order. ■ Upon the hearing upon this appeal the sole question presented for our decision relates to the power and propriety in the trial court to

cause to be made and entered in its minutes the foregoing *nunc pro tunc* order, since, if the said order was properly made and entered and if, as appears therefrom, the defendants' motion for a new trial was granted by the trial court upon the express ground of the insufficiency of the evidence to justify the verdict, it is apparent from the record herein that the evidence being in substantial conflict, the discretion reposed in the trial court to make its order granting a new trial upon that specified ground will not be made the subject of review upon this appeal. The record herein discloses that the defendants' motion for a new trial was made upon all the statutory grounds, but was particularly stressed upon the hearing upon said motion upon the ground of the insufficiency of the evidence to justify the verdict. By the original order entered by the clerk it was not expressly made to appear that the defendants' motion for a new trial had been granted upon that ground, the language of the clerk's original entry merely being that "It is ordered that said motion be and the same is hereby granted as prayed." In the subsequent *nunc pro tunc* order of the trial court, however, purporting to correct the aforesaid minute entry it is recited and made to clearly appear that upon the hearing of said motion for a new trial and at the conclusion of the argument thereon, "the court in open court stated its views in said matter, and particularly stated that the evidence introduced was insufficient to justify the verdict, and the clerk of said court having entered a minute order granting said motion for new trial but having inadvertently omitted therefrom the specification that said motion was, among other grounds, granted upon the ground of the insufficiency of the evidence to justify the verdict, and a clerical omission having been made," the court accordingly corrected said misprision by causing to be entered its said *nunc pro tunc* order "granting said motion for new trial as prayed for, and specifying therein that said motion was particularly granted upon the ground of the insufficiency of the evidence to sustain the verdict." This being the state of the record as it is now made to appear before us, we are entirely satisfied that the trial court possessed the power to make and enter its aforesaid *nunc pro tunc* order correcting the prior entry and clerical misprision of its clerk so as to make the record speak the truth, notwithstanding

the fact that in the meantime this appeal had been taken and the record upon appeal had been made up and certified prior to the making and entry of said *nunc pro tunc* order. The rule in this regard was stated by this court in the case of *Fay* v. *Stubenrauch,* 141 Cal. 573 [75 Pac. 174], as follows: ''Nor is the right of the lower court to amend suspended or impeded by an appeal, where an amendment does not affect any substantial rights of the appellant, and consists of the correction of a clerical mistake appearing upon the face of the record. It is true that the court by the appeal loses jurisdiction of the cause, for the purpose of appeal, but it does not lose jurisdiction of its records. (Black on Judgments, sec. 162; Freeman on Judgments, sec. 73; *People* v. *Murback,* 64 Cal. 372 [30 Pac. 608].)'' The exercise of this power on the part of the trial court has been frequently upheld by this and by the appellate tribunals ever since the decision of the early case of *Wiggin* v. *Superior Court,* 68 Cal. 398 [9 Pac. 646], and down to the decision by this court of the case of *Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8]. (See, also, *People* · v. *Curtis,* 113 Cal. 68 [45 Pac. 180] ; *Haynes* v. *Los Angeles Ry. Corp.,* 80 Cal. App. 776 [252 Pac. 1072] ; *King* v. *Emerson,* (Cal. App.) [288 Pac. 1099] ; *Halpern* v. *Superior Court,* 190 Cal. 384 [212 Pac. 916].)

It is the contention of the appellant that, under the authority of *Scamman* v. *Bonslett,* 118 Cal. 93, 97 [62 Am. St. Rep. 226, 50 Pac. 272], since the clerical misprision sought to be corrected by the trial court by virtue of its *nunc pro tunc* order did not appear upon the face of the record the trial court had no power to make its said order correcting the same after the expiration of the six months' period as provided by section 473 of the Code of Civil Procedure, nor without notice to the parties adversely affected thereby as required by said section. An inspection of the decision in that case, however, discloses that the correction of its record sought to be made therein by the trial court was not in the nature of a clerical misprision, but was apparently an afterthought on the part of the trial court wherein it sought to revise or amend its judgment so as to include matters which were inadvertently omitted by itself and were in the nature of a judicial error and were not the result of a clerical misprision.

■ It is the further contention of the appellant that since upon· an application made by the respondents for an order permitting the inclusion in the record herein of the clerk's supplementary transcript showing the making and entry of the aforesaid *nunc pro tunc* order, an affidavit had been filed by the attorney for the plaintiff in opposition to said motion, wherein the latter had undertaken to contradict the recitals in said order to the effect that the trial court, upon the motion for new trial, had particularly stated that the evidence was insufficient to justify the verdict and directed the entry of its order granting a new trial upon that specific ground; and since said affidavit had not been contradicted by a counter-showing, the recital in the court's *nunc pro tunc* order had been overthrown. The difficulty with this contention is that the recital of the trial court to the opposite effect is controlling, and that even if the same could be challenged by an affidavit to the contrary the order of the appellate tribunal permitting the clerk's supplementary transcript to be filed must be held to have been based upon its acceptance of the correctness of the recital of the trial court in the foregoing regard.

It follows from the foregoing reasoning and authorities that the order granting the motion for a new trial herein must be and the same is hereby affirmed.

Rehearing denied.