[Sac. No. 4479. In Bank.—January 9, 1931.]

SECURITY–FIRST NATIONAL BANK OF LOS AN-
GELES (a National Banking Association), Respondent,
v. J. G. RUDDLE PROPERTIES, INC. (a Corpora-
tion), et al., Appellants.

Robert L. McWilliams, James F. Peck, Louis Ferrari,
T. J. Bricca and C. H. White for Appellants.

O'Melveny, Tuller & Myers, Walter. K. Tuller and Homer
L. Mitchell for Respondent.

WASTE, C. J.—This is a motion by the respondent, upon suggestion of diminution of record, to have inserted in and made a part of the clerk's transcript an order amending the judgment appealed from.

█ Plaintiff brought the action to foreclose a mortgage given by the appellant J. G. Ruddle Properties, Inc., to secure a bond issue. Several junior encumbrancers were also named as defendants, some of whom answered, but none of whom asked that his lien be foreclosed. In fact, separate actions for the foreclosure of their respective liens had been filed by a few of the junior lienholders. At the commencement of the trial, it appears to have been understood by court and counsel that plaintiff's lien alone was. to be foreclosed, and the findings of fact and conclusions of law, constituting the "decision" or judgment of the court (*Aspegren & Co.* v. *Sherwood, Swan & Co.*, 199 Cal. 532, 537 [250 Pac. 400]), were and are in accord with this understanding. However, the formal judgment thereafter signed by the court and entered by the clerk provided for the foreclosure of three of the junior liens, in addition to the foreclosure of plaintiff's mortgage. This apparent inadvertence was not called to the trial court's attention on the motion for new trial. The first brief filed upon the appeal from the judgment brought the matter to the attention of the respondent who, in turn, directed the attention of the trial court to the apparent error or inadvertence in the judgment as entered. Declaring that the judgment as entered "does not correctly state the decision and judgment of the court by reason of inadvertence and mistake of the court and by reason of a clerical error and misprision of the clerk", the court made an order amending the judgment *nunc pro tunc,* to make it conform to the decision as pronounced in the findings of fact and conclusions of law; that is to say, to provide for the foreclosure of respondent's mortgage alone. By the present motion, respondent seeks to have the "Order Amending Judgment Nunc Pro Tunc" incorporated in and made a part of the transcript now on file in this court on the appeal from the judgment.

█ The trial court acted within its jurisdiction when it made its records speak the truth (*Biaggi* v. *Ramont,* 189 Cal. 675, 677 [209 Pac. 892]; *Dutton Dredge Co.* v. *Goss,*

77 Cal. App. 727, 732 [247 Pac. 594]), and we can conceive of no good reason why the order should not be brought up and made a part of the record before us. Section 953 of the Code of Civil Procedure provides that if "there is any paper or record in the custody of the clerk of the trial court which was before the trial court but which is not included in the record on appeal, and an examination of such paper or record will assist in a determination of the appeal on its merits, the court in which the appeal is pending may, on motion of either party, or on its own motion, require the production of a certified copy of such paper or record, and the same shall thereupon be deemed a part of the record on appeal". Respondent seeks to bring the additional record here in the proper manner. (*Biaggi* v. *Ramont, supra.*) If the amendment of the judgment was a proper one, it should be printed and filed as an amendment to the transcript in order that it might be before us when we come to a consideration of the appeal on its merits; if not a proper amendment, that fact may very readily be determined at such time.

It is therefore ordered that the motion be granted without prejudice to the later consideration upon this appeal of the question of the validity and effect of the order purporting to amend the judgment.

Shenk, J., Richards, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.