[Civ. No. 6518. Second Appellate District, Division One.—May 25, 1931.]

EDNA H. DALLEY, Respondent, v. B. & H. TRANSPORTATION COMPANY (a Corporation), Appellant.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Appellant.

Kirkland I. Perky and Ralph W. Eckhardt for Respondent.

YORK, J.—This is an action brought by respondent to recover for personal injuries alleged to have been suffered by respondent while a passenger on a motor-bus operated by appellant. Appellant answered and the cause was set for trial before a jury, which returned a verdict in favor of appellant. Thereupon judgment on the verdict was entered in favor of defendant and appellant. Thereafter, respondent served and filed a notice of intention to move for a new trial, one ground of which was insufficiency of the

evidence to justify the verdict. On December 17, 1928, a minute order was entered as follows:

"Plaintiff's motion for a new trial, heretofore submitted, is now by the court granted."

On December 18, 1928, notice of granting of motion for new trial was served and filed; on December 26, 1928, notice of appeal dated December 24, 1928, was served and filed, and on January 30, 1929, the following minute order was made by the court:

"Plaintiff's motion to correct the Minute Entry of December 17, 1928, of Order granting a new trial by adding after the word—'granted', 'on the ground of the insufficiency of the evidence to sustain the verdict of the Jury' comes on for hearing, R. W. Eckhardt appearing as attorney for plaintiff and Baldwin Robertson for defendants. Said motion is by the Court granted and the Clerk ordered to correct the record and the proposed transcript on appeal." The clerk's transcript was certified on January 30, 1929.

■ The only ground of appeal raised by the appellant, believed by this court to be worthy of discussion, is the question as to whether or not the trial court had the right to make a correction of its minutes upon the date that its order of correction was made. That the court had the right to correct a clerical error or omission in its minutes so that they will speak the truth, is undoubted. (*Louchere* v. *Lambert*, 210 Cal. 274 [291 Pac. 412].) It would have been more in accord with good practice if the order of amendment had in direct terms declared (if such was the fact), that the amendment was being made for correction of a clerical error of omission to fully state the terms of the court's order, and that the amendment was to be entered *nunc pro tunc* as of the original date. ■ But in the absence of evidence to the contrary it may rightly be presumed that the court was not attempting to change any judicial action in the premises—in other words, was not assuming to exceed its authority. In the light of this presumption it appears that the minute entry made by the court in granting plaintiff's motion to correct the minute entry of December 17, 1928, was so phrased that it is clear that it was done to correct an error in the original minute entry, and to make the minutes speak the truth—

the order reciting, among other things: "Said motion is by the Court granted and the clerk ordered *to correct* the record and the proposed transcript on appeal." It could not have corrected a record that was already correct. In other words, it means that the record did not speak the truth, and in order to make it speak the truth, it was necessary to make a correction of the record.

■ An examination of the reporter's transcript on appeal discloses the fact that the trial court was justified in granting the motion for a new trial on the ground of insufficiency of the evidence. There was a direct conflict in the evidence on several points, but the trial court had the witnesses before it, heard their testimony, saw their demeanor upon the witness-stand, and as the record now shows, granted the motion for a new trial on the ground of insufficiency of the evidence. Therefore, we cannot say that the trial court abused its discretion in granting a new trial.

The order granting the motion for a new trial is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 23, 1931.