[Civ. No. 11588.   Second Appellate District, Division Two.—December 14, 1937.]

CLARA KOHLSTEDT, Appellant, v. FREDERICK J. HAUSEUR et al., Defendants; BEN GOLD, Respondent.

Frederick G. Stoehr for Appellant.

Robert F. Shippee and Don L. Gilman for Respondent.

CRAIL, P. J.—After devoting a week to the trial of the case, the trial court on October 24, 1934, signed findings of fact and conclusions of law. The first conclusion of law was that the plaintiff was entitled to judgment against defendant Hauseur, and the second, "That plaintiff is not entitled to any judgment as against any other defendant herein." Pursuant to said findings and conclusions, judgment was entered against the defendant Hauseur only and in favor of the other defendants, including Gold. Gold had appeared in the action and filed his answer, but neither he nor his attorney took part in the trial. On November 8, 1934, plaintiff filed a notice of intention to move for new trial. This notice was not addressed to defendant Gold or his attorney and was not served upon him. The motion for new trial having been submitted was on December 28, 1934, granted as to defendant Gold. On June 15, 1936, plaintiff made an *ex parte* application to amend the judgment of October 24, 1934, *nunc pro tunc* as of that date, which was supported by his affidavit, to which was attached a transcript of the trial judge's remarks at the close of the trial. Based on this application and the supporting affidavit and transcription and the court's memory, the court amended the judgment of October 24, 1934, by adding the words "and Ben Gold" after the name "Frederick J. Hauseur" in the first paragraph, and striking the words "or Ben Gold" in the second paragraph. In addition the court signed a judgment dated June 12, 1936, *nunc pro tunc* as of October 24, 1934, covering the same situation.

Defendant Gold made two motions: (1) in general to set aside the proceedings had to amend the judgment, and (2) to set aside the order granting the motion for new trial as to defendant Gold. Each motion was granted on December 21, 1936, and plaintiff has appealed therefrom.

The sole question necessary for a determination of this appeal is whether the court's order of December 21, 1936, setting aside former orders of the court was erroneous. And this depends upon whether the orders which were set aside were void for lack of jurisdiction in the court to make them.

The superior court has inherent power to correct its records so as to make them speak the truth (*Crim* v. *Kessing,*

89 Cal. 478 [26 Pac. 1074, 23 Am. St. Rep. 491]; *Kaufman* v. *Shain,* 111 Cal. 16 [43 Pac. 393, 52 Am. St. Rep. 139]; *Halpern* v. *Superior Court,* 190 Cal. 384 [212 Pac. 916]; *Lauchere* v. *Lambert,* 210 Cal. 274 [291 Pac. 412]; *Security-First Nat. Bank* v. *Ruddle Properties,* 211 Cal. 346 [295 Pac. 343]; *Norton* v. *City of Pomona,* 5 Cal. (2d) 54 [53 Pac. (2d) 952]; *Christie* v. *Christie,* 99 Cal. App. 53 [277 Pac. 872]; *Dutton Dredge Co.* v. *Goss,* 77 Cal. App. 727 [247 Pac. 594]), and this is true, regardless of the lapse of time, to amend or correct clerical errors or misprisions. (*Crim* v. *Kessing, supra; Kaufman* v. *Shain, supra; San Francisco* v. *Brown,* 153 Cal. 644 [96 Pac. 281]; *Halpern* v. *Superior Court, supra.*) The court has power to correct its judgment even though the misprision was that of the court. (14 Cal. Jur. 995, sec. 72; *Bemmerly* v. *Woodward,* 124 Cal. 568, 569 [57 Pac. 561]; *Kowalsky* v. *Nicholson,* 23 Cal. App. 160 [137 Pac. 607]; *Christie* v. *Christie, supra; King* v. *Emerson,* 110 Cal. App. 414 [288 Pac. 1099, 294 Pac. 768]; *Dalley* v. *B. & H. Transportation Co.,* 114 Cal. App. 320 [299 Pac. 748].)

The respondent contends that the court did not have jurisdiction to make the orders amending the judgment *ex parte.* The law is that the court may make the correction *ex parte* and of its own motion. (*Crim* v. *Kessing, supra; Lauchere* v. *Lambert, supra; Livesay* v. *Deibert,* 3 Cal. App. (2d) 140 [39 Pac. (2d) 466].) In the case of *Livesay* v. *Deibert, supra,* the Court of Appeal said: "Appellant makes the further claim that the court could not make the order *ex parte* but only on motion after notice given. This view, however, is contrary to the settled rule that the court not only has the power but is also under the duty, upon its own motion, to correct such mistakes when they are called to its attention. (*Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8].)"

It is for the judge who made the original decision to decide whether the judgment as written expresses his decision. (*Kaufman* v. *Shain, supra; Kowalsky* v. *Nicholson, supra.*) In acting upon the matter the judge is exercising one of the functions of his judicial office and he will not direct the amendment unless he is satisfied that the original entry does not clearly express the order which was made. (*Kaufman* v. *Shain, supra.*)

In the case of *Livesay* v. *Deibert, supra,* the court further said: "It was for the trial judge to determine whether the order was complete and all that he intended it to be or whether it was deficient. If the mistake was clerical, it could be corrected. If it was judicial, it could not be. It must be presumed that he found it to be his own clerical error; otherwise he would have had no right to make the second order. The facts were completely and solely within his own knowledge. He alone knew whether a mistake had been made and how it had been made. He had a right to rely upon his own memory (*King* v. *Emerson, supra*) and his determination of the fact is conclusive. (*People* v. *Curtis,* 113 Cal. 68 [45 Pac. 180]; *Kaufman* v. *Shain,* 111 Cal. 16 [43 Pac. 393, 52 Am. St. Rep. 139]; *Harman* v. *Cabaniss,* 207 Cal. 60 [276 Pac. 569].) This disposes of the claim that the second order was an afterthought or an attempt to correct a judicial error. It follows that the fact was as stated in the amending order and that that order attempted to do no more than correct the record to make it speak the truth."

█ The defendant admits that it is generally true that it is for the trial judge to determine whether or not the error was a judicial error or a clerical one, but he contends that his conclusion that it was clerical does not make it so, if the record shows to the contrary, and he contends that the error, if there was error, in failing to include him as a judgment debtor in the judgment was judicial by reason of the fact that the original judgment followed the findings of fact and conclusions of law, citing 14 California Jurisprudence, page 1000. That does not necessarily follow, as appears from the case of *Harman* v. *Cabaniss,* 207 Cal. 60 [276 Pac. 569]. In that case findings had been made and judgment entered according to the findings. About three years later defendant moved for an order to correct the findings and judgment. The superior court refused to entertain the motion, believing, as defendant Gold contends, that since the judgment was supported by findings he had no jurisdiction to correct either. On petition for writ of mandate the Supreme Court said: "Unquestionably the court, under the circumstances here presented, had and has the power to entertain and pass upon the motion. It has full power to determine whether the alleged error was clerical or judicial in character

and, if clerical, to set aside the interlocutory decree, correct the error and enter judgment on the findings as corrected and conclusions of law to be drawn therefrom.''

In our view the order amending the judgment was a valid order rendered within the scope of the court's jurisdiction, and such order was subject to review only in the manner prescribed by law.

■ With regard to the order granting the motion for new trial, the right to a new trial is statutory and the manner of applying for and procuring it is prescribed in the Code of Civil Procedure, sections 658 to 660. The statutory procedure must be observed, and unless the prescribed steps are taken in accordance with the code, the right to move for new trial does not exist as against one who stands on the statute and insists upon strict compliance therewith. (20 Cal. Jur. 145; *Diamond* v. *Superior Court,* 189 Cal. 732 [210 Pac. 36].) When the order was granted the plaintiff had not served upon the adverse party a notice of his intention to move for a new trial and the court had no authority to grant such motion. (*Title Ins. & Trust Co.* v. *California Dev. Co.,* 171 Cal. 173 [152 Pac. 542].) The order setting aside the order granting a new trial was therefore proper.

The order setting aside the order amending a judgment is reversed. The order setting aside the order granting a new trial is affirmed.

Wood, J., concurred.

McCOMB, J., Concurring and Dissenting.—I concur in the affirmance of the order setting aside the order granting a new trial, but I dissent from the order reversing the order of the trial court in setting aside its previous order amending its judgment. In my opinion the error in the original judgment which the trial court attempted to amend was a ''judicial error'' and not a ''clerical error'' and therefore, as stated in the majority opinion, not subject to correction by a subsequent amendment by the trial court. (14 Cal. Jur. 999, sec. 74.)

The foregoing conclusion is supported by *Schattinger* v. *Schattinger,* 80 Colo. 261 [250 Pac. 851], in which case the Supreme Court of Colorado in holding that a mistake in a decree is not a clerical error but a judicial error, which may

be rectified only in the ordinary way for reviewing judicial errors, says at page 852, ''The court, in making these findings and decree, was exercising a judicial discretion and performing a judicial function, and, if it made a mistake therein, either through inadvertence or otherwise, such mistake cannot be rectified in a motion or in an equitable action brought for the purpose of making the decree speak the truth. In such an action as this, the court may not correct such judicial mistakes or errors. . . . It may be that the court improperly found that the source of supply was the wastage from a ditch not then in existence, but the court in doing so was exercising a judicial function and its mistake may be corrected, if at all, not in an action like this, but in the ordinary way for reviewing judicial error committed by a trial court.''

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 10, 1938.