Hart *v.* Connor and others.

HART *vs.* CONNOR AND OTHERS.

Where the grantor of a tract of land, reserved in his deed the right within a limited time to open a highway of a certain width, from the north line of said land to certain land on the south side, with no other restriction as to the location than that it was not to be laid further west than certain designated points, the same being described in another part of said reservation as " a highway across said land," and within the time limited, the grantor located said highway over the east end of said tract, and by the side of another highway on which the tract conveyed was bounded, but within the limits prescribed in the reservation, which location was claimed by the grantee to be different from that intended by the parties upon a fair construction of the terms of said reservation; it was held, that the express limitation of certain points on the west beyond which the highway was not to be located, and the

absence of any such limitation on the east, indicated that the parties did not intend any restriction as to the eastern portion of the tract, and that, there being nothing in the terms of the reservation to prohibit the location made, the grantor had the right to make it.

Where, in an action of trespass involving the right of such grantor to locate said highway in the manner above described, the plaintiff requested the court to charge the jury, that said grantor was bound to exercise his right of locating a highway under said reservation, in a reasonable manner, according to the views of the jury, in view of all the circumstances and the situation of the premises, and as shown not only by the terms of said reservation but by extrinsic evidence; and the court instructed the jury that said grantor had full right, under said reservation, to exercise his own judgment fairly, and to open a highway over said premises, within the given monuments, wherever he judged best, provided he did not act wantonly and oppressively in so doing; it was held, that the charge conceded to the plaintiff all that he had any right to claim.

Where, previously to the location in question, said grantee had elected to locate the highway authorized by said reservation, in a different place, which location was not in accordance with the terms of said reservation, and which highway so located the grantor was prohibited from opening, by an injunction issued upon the application of the grantee; it was held, that the right to elect as to the location of said highway, was not thereby exhausted.

THIS was an action of trespass, for entering upon, digging up, and removing the soil of the plaintiff's land.

The defendants pleaded the general issue, with notice that they would claim and offer evidence to prove, that all the acts complained of were done, if done at all, within the limits of a certain street called Noble street, and that if any of said acts were done without the limits of said street, they were authorized to be done by William H. Noble, Esq., by virtue of a reservation in a warranty deed of the premises described in the plaintiffs' declaration, given by said Noble to the plaintiff, dated December 9th, 1850.

The reservation referred to was in the following words: "reserving the right, on payment at the rate of $500 per acre, and interest thereon from this date, to open a highway 3 rods wide, from said north line, not further west than the 7th post from said railroad abutment, on said railroad line, to and into the land of Isaac Burrough's wife, aforesaid, the western side of said road, on the south, not to go further west than the centre, between two hole posts, now standing

Hart *v.* Connor and others.

on the line of said Burrough's land aforesaid: said Noble to elect within one year as to the opening of said highway reserved across said land: reserving to myself all the earth and trees growing on said highways, and on said north highway the gravel down as low as grade of New York and New Haven railroad, or lower if thought best for highways."

The cause was tried at the term of the superior court for the county of Fairfield, holden in October 1855.

Upon the trial the plaintiff claimed and requested the court to instruct the jury that said Noble had no right by virtue of the reservation aforesaid to open a highway over the portion of said premises in controversy, as was claimed by the defendants to have been done by him on the 8th day of December 1851, for that before that time, to wit, on the 1st day of October 1851, he had elected to open, and had in fact commenced opening and laying out a highway across said premises, over a different part thereof, claiming to make said election, opening and laying out under said reservation, and thereof had given the plaintiff notice. It appeared that said Noble had made such prior election, and had commenced opening and laying out said highway under the same, previous to said election of the 8th day of December 1851, and that the plaintiff by his petition brought to the county court, had denied the validity of said prior election, and prayed out a temporary injunction against said Noble, restraining him from proceeding further with the opening and laying out of said highway, until the determination of said suit. The respondent therein had moved at chambers, for the dissolution of the injunction, but on full hearing on the merits, this motion had been denied, and the cause then stood continued, with said injunction in force, neither party having moved further therein.

The plaintiff claimed that said first election was conclusive on said Noble, so that he could not make a second election as he had attempted to do, and asked the court so to instruct the jury. The court did not so instruct them.

The plaintiff further claimed, and asked the court to charge the jury, that said Noble, under said reservation, had no right to open, or elect to open, a highway over said premises, in the manner claimed by the defendants to have been last done by him, viz.: over a strip of land embraced in said premises, three rods wide, and extending from the northerly to the southerly boundary line, upon the extreme easterly portion therof, contiguous to the line of a highway, in said deed referred to and described as the easterly boundary of said premises, and which at the time of said election, was a public highway and known by the name of Noble street; which street the plaintiff claimed, was sufficiently wide and commodious for the accommodation of said Noble and the public generally.

The plaintiff further claimed that said Noble, under said reservation, was bound to exercise the right of electing to open a highway over said premises, in a reasonable manner, according to the views of the jury in view of all the surrounding circumstances and the situation of said premises, as well at the time of the execution of said deed, as at the time of said election, and as shown by the terms of said deed and reservation and by extrinsic evidence; and that, if such reasonable election had not been made by said Noble, the same was invalid, and would furnish no justification of said acts of the defendants. But the court did not comply with these claims, but instructed the jury that said Noble had full right, under said reservation, to exercise his own judgment fairly, and to open or elect to open a highway over said premises, within the given monuments, wherever he judged best, provided he did not act wantonly and oppressively in so doing.

The jury having returned a verdict for the defendants, the plaintiff moved for a new trial for a misdirection.

*Loomis* and *Warner*, in support of the motion.

*Hawley* and *Dutton*, contra.

HINMAN, J. This was an action of trespass for entering upon and digging up the soil of the plaintiff's land. The acts complained of were done under the authority of William H. Noble Esq., who had been the owner of the *locus in quo*, which, together with other adjoining land, on the 9th of December 1850, he conveyed to the plaintiff by deed of warranty, containing the following reservation. " Reserving the right, on payment at the rate of $500 per acre, and interest thereon from this date, to open a highway three rods wide, from said north line, not further west than the 7th post from said railroad abutment, on said railroad line, to and into the land of Isaac Burrough's wife aforesaid; the western side of said road, on the south, not to go further west than the centre between two hole posts, now standing on the line of said Burrough's land aforesaid : said Noble to elect within one year, as to the opening of said highway across said land : reserving to myself all the earth and trees growing on said highways ; and on said north highway, the gravel down as low as grade of New York and New Haven railroad, or lower, if thought best for highways." Within the year from the date of his deed, Mr. Noble elected to open the highway over the disputed premises, and it is not denied that, as designated by him, it comes within the terms of the reservation. It crossed the land conveyed to the plaintiff, not further west than the 7th post from the railroad abutment, and ran to, and into the land of Isaac Burrough's wife; and no question is made, but that all that was necessary to be done under the reservation, was done, before it was attempted to open the road. But it was located across one end or side of the land, and along by the side of another highway, on which the whole tract conveyed was bounded ; and the claim is made, that this location is contrary to the intention of the parties, as expressed in the reservation.

But we think the power to select a location for the road can not be controlled by the boundaries of the land ; and, so long as there is nothing in the deed which prohibits the selection being made, so as to lay the new road across one end of the land and along by another road, that selection must

stand. East of the post mentioned in the reservation, there is nothing to limit the right of Noble, except that, at one end, it must run into or to the land of Mrs. Burrough's. And the express limitation of certain points on the west, beyond which the road was not to go, with none on the east, shows that it was not intended to limit the right on that side.

The plaintiff claimed that the right of opening a highway under the reservation must be exercised in a " reasonable manner, according to the views of the jury, in view of all the surrounding circumstances and the situation of the premises." We suppose this means that the jury were to judge of the reasonableness. of the exercise of the right, in respect to the place where said road should be opened, and in this aspect, if any answer to the claim is needed, we think it has been answered already. And the court certainly gave the plaintiff all he ought to claim, when the jury were told, that Noble had full right under said reservation to exercise his own judgment fairly, and to open or elect to open a highway, within the given monuments, over said premises, wherever he judged best, provided he did not act wantonly, &c.; and as the verdict was in favor of the defendants, they have no occasion to complain of the charge.

But previous to the opening of the road for which this action is brought, Mr. Noble had elected to open a road under the reservation, in another place, and had commenced laying it out in such place; and the plaintiff claims that his former election is conclusive upon him, to prevent any other laying out or opening of a road under the reservation. Had the first election been a legal exercise of the power reserved, we do not see why the effect claimed for it would not follow. But as it was not a legal exercise of the power, and was not acquiesced in by the plaintiff, we think it has no effect to prevent another election, which is within the power. The road first located did not cross the land from the railroad, so as to "run to and into the land of Isaac Burrough's wife." It did not touch that land, and of course was not the road contemplated and reserved in the deed. Still had the plaintiff acquiesced in such unauthorized location and

opening, and had not interfered to prevent it, as not within the reservation, perhaps Noble might be estopped from making another selection. However that may be, the plaintiff did not acquiese, but, on the contrary, he caused an injunction to be issued against the opening of the road as first selected. We do not see therefore how that selection can now be used to prevent a legal execution of the power. We place no other reliance upon the fact that Noble was prevented by injunction from opening the road at the place first selected by him, except that it shows that the plaintiff did not acquiesce in that location; the injunction having issued at his instance. This circumstance, in connexion with the fact that the location was one which the parties did not contemplate as proper to be made, and which the reservation did not justify, leaves the power wholly unexecuted, except by the location last made, and under which the acts complained of were performed for the purpose of opening the road thus located. For these reasons the court do not advise a new trial.

In this opinion, the other judges, WAITE and STORRS, concurred.

New trial not to be granted.