No. 9035.

BESSEMER IRRIGATING COMPANY *v*. WEST PUEBLO DITCH AND RESERVOIR COMPANY.

1. WATER RIGHTS—*Adjudication of Priorities—Amendment of Record —Limitation.* An action brought to correct a clerical error in the record of an adjudication decree, by which it appears that priority was awarded as of a date years prior to that anywhere claimed by the appropriator, in the adjudication proceedings, is not barred by the four years limitation (Rev. Stat. sec. 3313).

2. JUDGMENT—*Record—Clerical Mistakes in,* may be corrected at any time.

3. ——— *Evidence of Mistake.* The mistake may be established by any pertinent and satisfactory evidence, parol or otherwise.

*Error to Pueblo District Court, Hon. C. S. Essex, Judge.*

Mr. FRED A. SABIN, for plaintiff in error.

Mr. S. S. PACKARD, Mr. LESLIE E. HUBBARD, Mr. RALPH E. C. KERWIN, for defendant in Error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was brought in the District Court of Pueblo County by The Bessemer Irrigation Ditch Company, plaintiff, against The West Pueblo Ditch & Reservoir Company, defendant, to correct an alleged clerical error in a decree entered by that court, in a water adjudication in Water District No. 14.   The matter complained of is the giving to The West Pueblo Ditch Extension a priority of date December 17, 1877, when it should, as is claimed, have been for the year 1887.   Findings and judgment were for defendant, and plaintiff brings the cause here for review.

Defendant relies upon the statutory provision that after

four years all parties affected are deemed to have acquiesced in water decrees, and that therefore plaintiff is now barred from setting up any adverse claim, that statute having run against it. It appears, however, that this suit is not to alter or amend a decree, but to decide the question whether, in order to make the record speak the truth, a judgment or decree may be corrected to make it what it purports to be, the conclusion of law upon facts found or admitted.

It is urged by plaintiff that nowhere in the record is there any claim to a priority of 1877 for this right, and that such date so far as it relates to this ditch appears but in one place in the record, and that in the decree itself the referee found that the construction of the ditch was begun in 1887 and water applied in that year; and that in fact the court decreed a priority as of date 1877, it having specifically adopted the findings of the referee.

The rule as to correction of errors in decrees and judgments is stated in 23 Cyc. 864, as follows:

"A mere clerical error arising from inadvertence or the formal misprison of clerks or other officers may always be corrected by the court, so as to make the judgment speak the truth, even after the term. The term "clerical error" as here used must not be taken in too narrow a sense. It includes not only errors made by the clerk in entering the judgment, but also those mistakes apparent on the face of the record, whether made by the court or counsel during the progress of the case, which cannot reasonably be attributed to the exercise of judicial consideration or discretion."

In reference to the same subject, 15 R. C. L. 679, reads thus:

"Hence, although a court is without power generally to alter or amend final judgments after the close of the term at which they were rendered, it may after the expiration of the term of court make amendments of the record of judgments so as to correct errors, mistakes or misprisons

of clerks, or other officers of the court, inadvertencies of counsel, or to supply defects or omissions in the record."

' In *Doane, et al. v. Glenn, et al.,* 1 Colo. 454, in discussing the question of whether the record of a case might be amended after the term, this court, at page 456, said:

"Yet, notwithstanding what has been said above, the doctrine in this country, in reference to amendment of records, may be said to have crystalized into the following legal proposition, namely: That any error or defect in a record which occurs through the act of omission of the clerk of the court in entering or failing to enter, or record its judgments or proceedings, and is not an error in the express judgment pronounced by the court in the exercise of its judicial discretion, is a mere *clerical error,* and amendable, no matter in how important a part of the record it may be; and when the error or defect is in respect to the entry of some judgment, order or decree or proceeding to which one of the parties in the cause was of right entitled, as a matter of course, according to law and established practice of the court, it will sometimes be presumed to have occurred through the misprison of the clerk, and will always be amendable, if, from some other part of the record, or from other convincing and satisfactory proofs, it can be clearly ascertained what judgment, order or decree the party was entitled to; nor is it necessary, so far as clerical errors go, that the amendment should be made during the term at which judgment was rendered."

In passing upon the refusal of a petition to correct a mistake in the record of a case this court, in *Pleyte v. Pleyte,* 15 Colo. 44, at page 47, 24 Pac. 580, said:

"We think the application should have been allowed. The reason given by the learned judge for his denial thereof— that because the relief was not asked within six months after adjournment of the term, as provided in section 75, Code of Civil Procedure, the court was without jurisdiction to grant the request—is not good. That provision was not intended to control such matters as are here presented.

It affects judicial action and does not deal with mere clerical mistakes * * * courts may correct the clerical misprisons of their clerks or other officers, when properly brought to their attention * * * 'All courts have inherent power to correct clerical errors at any time.' Freem. Judgm. sec. 71, and cases cited."

In *Gaynor and Stanley v. Clements*, 16 Colo. 209, 26 Pac. 324, this court of its own motion, took notice that a clerical error had been made in the record of the judgment of the lower court, and at page 213 said:

"* * * The entry of the judgment was a clerical mistake or misprison of the clerk, amendable at common law as well as under the statute of *jeofails*. A judgment is a judicial act; it is what is considered and ordered by the court, and not necessarily what is entered by the clerk. Freeman on Judgments, secs. 36, 40; *Moreland v. Ruffin*, 1 Ala. 18."

The Court of Appeals of this state speaking to the same question in *Breen v. Booth*, 6 Colo. App. 140, at page 142, says (40 Pac. 194):

"The right of a court to have its judgments entered as they are given, and where, through clerical misprison the entries are incorrectly made, to have them corrected so as to express the truth, is too well established to require a citation of authorities. The judgment of the court is that which it pronounces. The record entry is not itself the judgment, but rather the evidence of the judgment, or its embodiment in invisible and permanent form; and the court, in virtue of the same authority by which it pronounces its judgment, can cause the record to express it as it was given, or change an inaccurate record into a true one. And it is immaterial in what the inaccuracy consists, or how far the entry may deviate from the judgment rendered."

It is clear from the authorities quoted that misprisons and clerical errors in the record of a cause may be corrected at any time they can be shown to exist. In the case at bar plaintiff offered to prove by the clerk who made the

entry, and the referee who suggested the decree in question to the court, that the clerical error existed as claimed, and that the date actually suggested for the priority in question was 1887. Plaintiff also offered to introduce other record testimony to show that no claim for a priority other than of 1887 had ever been made by defendant, and that there are no facts in existence upon which it is or was reasonably possible to award a priority to it as of date December 17th, 1877. Proof was offered also that the decree had been administered as one of 1887 until 1912, and that no claim for a priority of 1877 was ever made until 1912. Other evidence, tending to support the contention of plaintiff that the dating of the priority as of 1877 was a clerical error, was offered and refused.

It is the rule here that the existence of an error as alleged in this case may be established by any pertinent, satisfactory evidence, parol or otherwise. In *People ex rel Schmidt v. County Court of Arapahos County*, 9 Colo. 41, 47 Pac. 469, it is said:

"It is clearly settled that the trial court may proceed on evidence satisfactory to itself, whether oral or documentary, whether of record or otherwise, to correct the entry and make it speak the judgment which the court in fact rendered. This matter has been set at rest by the Supreme Court of this state, which is in line with the authorities of many other states on the same question. *Doane et al. v. Glenn*, 1 Colo. 454; Freeman on Judgments, sec. 63; *Clark v. Lamb*, 8 Pick. 414, 19 Am. Dec. 332; *Frink v. Frink*, 43 N. H. 508, 80 Am. Dec. 189, 82 Id. 172; *Weed v. Weed*, 25 Conn. 336; *Rugg v. Parker*, 7 Gray 172; *In re Wright, Petitioner*, 134 U. S. 136, 33 L. Ed. 865, 10 Sup. Ct. 487. These authorities broadly support the power of the court to amend its record and rest its action on proof which shall be sufficient in its judgment to demonstrate the error inherent in the record."

And in *Pleyte v. Pleyte*, supra, it is said on page 47:

"Nor, according to the modern and more liberal rule, is

the proof required to justify such amendment limited to any particular or specific kind. 'At the hearing such evidence is required as would be competent in any other investigation.' "

This rule as to admission of parol and other satisfactory evidence under such circumstances is approved in the following cases:  *Arrington v. Conrey,* 17 Ark. 100; *Weed v. Weed,* 25 Conn. 337; *Shaw v. Newsom,* 78 Ind. 335; *McConnell v. Avey,* 117 Iowa 282, 90 N. W. 604; *Parkhurst v. Citizens' Nat. Bank,* 61 Md. 254; *Harris v. Jennings,* 64 Neb. 80, 89 N. W. 625, 97 Am. St. Rep. 635; *Frink v. Frink,* 43 N. H. 508, 80 Am. Dec. 189, 82 Am. Dec. 172; *State v. Swepson,* 83 N. C. 584; *Hollister v. Judges,* 8 Ohio St. 201, 70 Am. Dec. 100.

Under the rule announced, it was prejudicial error to exclude testimony which *prima facie* conclusively established the fact that there was a clerical error in the record, which changed the whole intent and effect of the decree. Under such circumstances it became the duty of the trial court to admit and consider all pertinent testimony offered to establish the date actually suggested by the referee and adopted by the court in fixing the priority of the defendant. If by such evidence the court is satisfactorily convinced that the date settled upon and intended in the adjudication was other than that shown by the decree as entered, the record should be amended, and made to speak the truth and show the judgment of the court which was actually pronounced.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

Mr. Chief Justice Hill and Mr. Justice Allen concur.