## No. 10,123.

WEST PUEBLO DITCH AND RESERVOIR Co. *v.* BESSEMER IRRIGATING DITCH Co.

Decided November 6, 1922.   Rehearing denied December 4, 1922.

Action to correct a water adjudication decree.   Decree corrected.

### *Affirmed.*

1.   JUDGMENT—*Correction of Record.*   In a proceeding to correct a court record, upon the question whether the record shows what was really done, evidence outside the record is competent.

2.   LACHES—*Correction of Court Record.*   Party held not guilty of laches in bringing an action to correct an erroneous water adjudication decree, where the distribution of water was continued under the terms of the correct decree, and plaintiff brought his action shortly after an attempt was made to distribute according to the erroneous decree.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. JOHN H. VOORHEES, Mr. S. S. PACKARD, Mr. VICTOR E. KEYES, attorney general, Mr. W. R. RAMSEY, assistant, for plaintiff in error.

Mr. FRED A. SABIN, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error was plaintiff below and obtained a decree correcting a previous decree which adjudicated the water rights in Water District No. 14. The error corrected was that while the referee's report and the findings of the decree itself dated the priority of the plaintiff in error December 17, 1887, the decree purported to adjudicate to the ditch of the plaintiff in error a priority of December 17, *1877*. The decree now before us corrects this error, so that the priority is adjudicated as of the year 1887.

Counsel for plaintiff in error concedes the elementary proposition that a court may always correct its records to make them speak the truth, that is, to make them show what the court actually did. But they say that the record is the best and therefore the only competent evidence of what the court did, that consequently the court must be said to have adjudged the priority as of 1877; that that is a judicial act which cannot be corrected by amendment of the record. This reasoning, reduced to its lowest terms, is that nothing shown by the record can be corrected by amendment of the record. Under such a rule no record could ever be corrected, and of course it is not law. The answer is that, in a proceeding to correct the record, upon the question whether the record shows what was really done, evidence outside the record is competent. We have so held many times, indeed in this same case, which has been in this court before. *Bessemer Irrigating Co. v. West Pueblo Ditch & Reservoir Co.*, 65 Colo. 258, 176 Pac. 302.

In such a case the question is: What was actually done? What was the judgment actually rendered? In the present case the uncorrected record stultified itself, because it was based upon a report and upon its own findings, which showed the adjudication to be unjustified. These matters were proper to be considered by the court below. In addition, the judge who signed the erroneous decree himself testified that "it was   *   *   *   the judgment of the court that the decree was based on and in accordance with the

fact as found by the referee," and that in signing the decree he supposed he was "signing an instrument which was founded on the facts and findings as reported by the referee." The record *"1877,"* therefore, did not show the judgment of the court, and the "1877" therein was not the judgment of the court; "1887" was the judgment of the court and the decree was properly corrected accordingly.

It is claimed that the plaintiff was guilty of *laches;* but there was evidence that up to 1912 the distribution of water under the above adjudication was as of *1887,* and not 1877, and that shortly after an attempt was made to change this distribution the present suit was brought.

The claim is set up that innocent purchasers may have relied upon the decree as it stood. It is doubtful whether a purchaser could be regarded as innocent who relied upon a provision in a decree shown to be wrong by its own findings; no purchaser, however, is here complaining.

Judgment affirmed.

MR. JUSTICE CAMPBELL not participating.