## No. 10,407.

### SCHATTINGER *v.* SCHATTINGER, ET AL.

Decided July 2, 1923.

Action to correct error in the record of a water adjudication decree.   Judgment of dismissal.

*Reversed.*

1.   PRACTICE AND PROCEDURE—*Correcting Court Record.*   In order to correct an error in the record of a water adjudication decree, the better practice is to proceed by motion or petition in the original case, but it is permissible to bring an independent action.

2.   WATER RIGHTS—*Correction of Record.*   Allegations of a complaint in an action to correct the record of an adjudication decree reviewed, and held that it stated facts sufficient to justify a correction of the record, and to state but one cause of action.

3.   COURT RECORDS—*Correction—Limitation.*   There is no statute of limitations relating to the correction of court records.

4.   WATER RIGHTS—*Pleading.*   It not appearing in the complaint, in an action for the correction of the record of an adjudication decree, that the rights of junior appropriators might be affected, it was error for the court to sustain a demurrer thereto on the ground of defect of parties.   The question should have been presented by answer.

5.    *Decrees—Judicial Notice.*  The contention, in an action to correct the record of an adjudication decree, that the court should take judicial notice of its own previous decrees, and know that there were junior appropriators whose rights would be affected, overruled.

6.    PLEADING—*Nature of Action.*  It is the substance, not the prayer, that determines the character of a complaint.

*Error to the District Court of Park County, Hon. James L. Cooper, Judge.*

Mr. G. K. HARTENSTEIN, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A DEMURRER to the complaint was sustained and plaintiff brings the case here for review.

The purpose of the action was to correct an error in the record of the decree of 1889 adjudicating the priorities of ditches in water district No. 23.  We agree with the court below that the better practice is to proceed by motion or petition in the original case, but the present course is sometimes taken.  *Bessemer Co. v. West Pueblo Co.,* 65 Colo. 258, 176 Pac. 302; *West Pueblo Co. v. Bessemer Co.,* 72 Colo. 224, 210 Pac. 601.

The complaint states that the plaintiff is the owner in fee of the Lavac ditch with its priorities, of date May 15, 1877, and May 28, 1878; that defendants are the owners of the Cincinnati ditch with its priority of June 20, 1879; that in the proceeding in which said decree was rendered the referee found and reported that plaintiff's priorities were Nos. 74 and 87, and entitled to 8 and 2 second feet respectively as of above dates out of West Branch of Michigan creek; that by a clerical error or misprision of the referee or his clerk in preparing the decree the same was made to read that plaintiff's ditch took from "the waste water of the Cincinnati ditch" instead of Michigan creek as was the fact, and omitted the dates of said priorities as found by

the referee. That the decree so erroneously prepared was adopted by the court and was so entered of record, but does not represent the findings of the referee nor the judgment of the court; that said Lavac ditch from thence hitherto has taken and still takes its water from said creek and not from the waste of the Cincinnati ditch, and its priorities have been so recognized and administered without question except that recently the defendants have insisted that plaintiff was entitled to said waste only and threaten proceedings to prevent him from taking his water from said creek; that the rights of no person will be affected by the correction of said errors.

The demurrer was on five grounds: 1. Want of facts. 2. Want of jurisdiction. 3. Improper joinder of causes. 4. Defect of parties. 5. Statute of limitations.

It is clear that the facts as stated are sufficient to justify correction of the record, that the court has jurisdiction to correct its own records and that there is but one cause of action, and we know of no statute of limitations which relates to the correction of records; this disposes of all the grounds except the fourth.

The court below stated "There are probably other users of water from Michigan creek who have junior adjudicated rights and if so, they are entitled to be heard" in an action to correct the record, and so sustained the demurrer. This inserted new facts into the complaint, on the face of which it did not appear that any one but defendants were interested in the action. The demurrer could not be sustained on such ground.

It is urged that the court should take judicial notice of its own previous decree and therefore knew that there were junior appropriators whose rights would be affected. We think otherwise and that the fact of the existence of such appropriators is a matter to be pleaded by defendant. *Downing v. Howlett,* 6 Colo. App. 291, 40 Pac. 505. The theory of defendant in error would necessitate the premise that all the records of the court are, in effect, a part of every pleading.

*Doll v. McEllen,* 21 Colo. App. 7, 121 Pac. 149, is not in point because it refers to a proceeding to adjudicate water rights, which this is not, and because in that case the record was offered in evidence.

Defendant in error claims that the complaint states more than one cause of action because of the prayer for various kinds of relief. We do not think so; it is the substance, not the prayer, that determines the character of a complaint. We agree with the learned trial judge that this is no more than a proceeding to correct the record.

Reversed and remanded with directions to overrule the demurrer and proceed with the case.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.