No. 15,781.

STATE HIGHWAY DEPARTMENT ET AL. *v.* STUNKARD.
(174 P. [2d] 346)

Decided October 28, 1946.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JOHN M. EVANS, Assistant, for plaintiffs in error, Industrial Commission and State Highway Department; Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for State Compensation Fund and State Highway Department.

Mr. RAYMOND M. SANDHOUSE, Mr. FRANCIS L. SHALLENBERGER, Mr. EARL A. WOLVINGTON, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case. Plaintiffs in error are hereinafter referred to as the Highway Department, the Fund and the Commission, respectively, and defendant in error as Stunkard. The Fund carried the industrial insurance of the Highway Department.

On March 6, 1940 Stunkard, while employed by the Highway Department, met with an accident arising out of and in the course of that employment and was injured. Six days later he was sent by his foreman to a doctor for attention and the accident was reported to the Commission. That report was received March 22, and the Fund notified. April 19, following, the Fund paid the doctor. October 26, 1945, Stunkard filed his claim with the Commission. A referee found that he sustained the injury as alleged and: "By reason of the said injury he has sustained permanent partial disability equivalent to the loss of 22% of his right arm measured at the shoulder. He did not within six months after the time of said accident, or until October 26, 1945, file with this Commission a claim for compensation on account of the said injury. Before Chapter 238 of the Session Laws of Colorado 1941 became effective, to wit, April 21, 1941, the respondents [the Highway Department and the Fund] furnished to the claimant medical and surgical treatment. It has not been established that a reasonable excuse exists for the failure to file such notice claiming compensation within a period of six months after the said injury. This claim for compensation and benefits is, therefore, barred."

April 11, 1946 the foregoing became the final award of the Commission. Stunkard took the cause to the district court which held that the Commission had based its decision on an inapplicable statute, reversed the award and remanded the cause to the Commission to make such award in favor of Stunkard as the facts and the court's construction required. To review that judgment this writ is prosecuted.

At the time of the injury Stunkard's right of recovery was primarily conditioned upon his filing with the Commission, within six months, his notice of claim. '35 C.S.A., c. 97, §363. That limitation was, however, not applicable if, within the time so specified, compensation had been paid. id. The furnishing of medical services constituted such payment and operated to void the bar. *Frank v. Industrial Commission,* 96 Colo. 364, 43 P. (2d) 158. If the foregoing law governs, the court was right and the judgment must be affirmed.

However, said section 363 was amended by chapter 238, Laws 1941, effective April 21, 1941, which provides that "* * * the furnishing of medical, surgical or hospital treatment by the employer shall not be considered payment of compensation or benefits * * *." If that section governs, the Commission was right and the judgment must be reversed. In other words, if original section 363 controls, Stunkard was not required to give notice and may recover; if amended section 363 controls he was so required and since he did not, he cannot recover. The Commission applied the amended section and denied recovery. The court applied the original and granted it.

The Highway Department and the Fund contend that amended section 363 is not a statute of limitations hence may be construed to operate retroactively, but if such, it is remedial only and the same rule applies. We deem it unnecessary to follow the technical distinctions of the subject since statutes of limitation are remedial acts.

This case affords an excellent example of the fact that some changes in remedies may result in positive deprivations of substantial rights. If the amended section is construed as remedial only and hence retroactive, then on August 20, 1941, when Stunkard retired for the night he had a valid claim against the Highway Department and when he awoke the next morning it had evaporated.

■ When amended section 363 became effective the Fund, by reason of its action in paying the doctor, had waived its right to notice and incurred liability, provided, as was claimed, as it developed, and is undisputed, an injury had been incurred in an accident arising out of and in the course of the employment.

■ The substance of section 4, chapter 159, '35 C.S.A., as it relates to the question before us may be properly stated thus: "The amendment of any statute shall not change any civil liability already incurred unless expressly so provided, and the portion repealed by the amendment shall be held still in force for the purpose of sustaining any proceeding for the enforcement, and any judgment declaring, such liability."

Certainly amended section 363, given the construction and application contented for here, changed the civil liability of the Highway Department without any express provision to that effect.

■ Remedial acts should be given no retroactive construction unless the legislative intent to do so clearly appears, and not in such cases unless a reasonable time be given by the act to those whose causes have accrued or are about to accrue. Otherwise the legislation ceases to be remedial and becomes obnoxiously substantive. 117 A.L.R., p. 1208; *Bonfils v. Public Utilities Commission,* 67 Colo. 563, 189 Pac. 775; *Jones v. O'Connell,* 87 Colo. 103, 285 Pac. 762.

The judgment is accordingly affirmed.

MR. JUSTICE HILLIARD, MR. JUSTICE STONE and MR. JUSTICE ALTER concur.