## No. 27871

**The Telluride Company v. The Division Engineer in and for Water Division No. 4, State of Colorado**

(575 P.2d 1297)

Decided March 20, 1978.

Yegge, Hall & Evans, Michael D. White, David F. Jankowski, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Gregory J. Hobbs, Jr., First Assistant, James E. Thompson, Assistant, for respondent-appellee.

*En Banc.*

Per Curiam

In a proceeding supplementary to the granting of certain conditional water rights, the referee made an amended ruling in which he intended to mention, but did not mention, the rights of three springs which are a part of the Boomerang Water System, namely, Nelson Springs, Jennings No. 1 Spring and Jennings No. 2 Spring. The amended ruling was confirmed by the water court on October 23, 1973.

Approximately 3 1/2 years later, the petitioner-appellant, The Telluride Company, who is the claimant to the rights of the Boomerang Water System, discovered the omissions. Shortly thereafter, it petitioned the court to correct the omissions as clerical errors. There was before the water court the referee's affidavit of May 31, 1977 to the effect that the three springs were intended to be treated in the amended ruling as they had been in the original ruling. The court denied the request.

The denial of the petition was predicated upon the water court's conclusion that a petition to correct substantive errors must be filed within three years of the date of the judgment and must be predicated upon a showing of mistake, inadvertence or excusable neglect under section 37-92-304(10), C.R.S. 1973; that a substantive, and not a clerical, error was involved; and that the omission by the referee and the failure of the water court and attorneys to discover the error, did not constitute mistake, inadvertence or excusable neglect as contemplated by law.

■ After a motion for new trial was denied, The Telluride Company appealed. It quotes *Bessemer Irrigating Ditch Co. v. West Pueblo Ditch & Reservoir Co.*, 65 Colo. 258, 176 P. 302 (1918):
"'The term ''clerical error'' as here used must not be taken in too narrow a sense. It includes not only errors made by the clerk in entering the judgment, but also those mistakes apparent on the face of the record, whether made by the court or counsel during the progress of the case, which cannot reasonably be attributed to the exercise of judicial consideration or discretion.'"
*See West Pueblo Ditch & Reservoir Co. v. Bessemer Irrigating Ditch Co.*, 72 Colo. 224, 210 P. 601 (1922).

■ The Attorney General, appearing for the respondent-appellee, agrees with the position asserted by The Telluride Company. It cites *Bessemer Irrigating Ditch Co., supra*, and section 37-92-304, C.R.S. 1973 and states: "Based on the facts, we conclude that the error cannot be reasonably attributed to the exercise of judicial discretion."

We, therefore, reverse the ruling of the water court of July 26, 1977 and remand the matter to it with directions to correct the ruling confirmed by it on October 23, 1973 so that it expresses those matters omitted by the referee and intended by him to have been included.

MR. JUSTICE GROVES does not participate.